EDWARD R. JENSEN, PETITIONER-RESPONDENT, v. KRAFT CHEESE CO., RESPONDENT-PROSECUTOR.

Submitted January term, 1944—Decided June 8, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the petitioner-respondent, *Archie Elkins.*

For the respondent-prosecutor, *James J. Skeffington.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. The only question to be decided is one of fact, namely, the percentage of disability. The case was submitted on briefs which were received about March 13th last, nearly two months after the opening of the January term. It seems to have been stipulated by the parties, through their counsel, that if a writ of *certiorari* be allowed, the court is to take the case as on final hearing, using the printed case and briefs submitted on the application for the writ.

The point is now raised in this court, and apparently for the first time, that there was no liability of the employer because of the accident. This point we consider to be entirely without substance. The next question, therefore, is as to the extent of the disability. The medical testimony on one side was that there was a disability of 15% and on the other side

of 2%. The deputy commissioner, who saw the man and heard the witnesses, decided that the percentage was 6%. The petitioner took an appeal to the Common Pleas and that court adopted the 15% claim. For the employer it is now claimed that the disability was only 2%, but as the employer took no cross-appeal to the Pleas, that question does not seem to be before us.

The first question is whether a writ of *certiorari* should be allowed to bring up the decision of the Court of Common Pleas raising the disability percentage to 15%. We have no hesitation in holding that such a writ should be allowed. Based on that premise and on the stipulation that this court then proceed to consider the evidence and determine as between the percentage adjudged by the Commissioner and the percentage adjudged by the Court of Common Pleas, we conclude, after an examination of the evidence, that the latter court erred in reversing the judgment of the Bureau, and that said judgment of reversal should be set aside, thus leaving the judgment of the Bureau in full force.